UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**MARK CANN,**

    **Plaintiff,**

vs.                                                              CASE NO:  4:15-CV-00154-MW-CAS

**GE CAPITAL RETAIL BANK, SYNCHRONY FINANCIAL , INC., NCO FINANCIAL SYSTEMS, INC.,**

    **Defendant.**
_____/

**REPORT OF PARTIES' PLANNING MEETING (FORM 52)
AND ADDITIONAL MATTERS REQUIRED BY
INITIAL SCHEDULING ORDER**

In accordance with the Initial Scheduling Order of the Court, the Parties provided the following information:

1. Pursuant to the *Federal Rules of Civil Procedure*, *Rule 26(f)*, the Parties conferred through their counsel, identified as follows:

    Patrick R. Frank, Counsel for the Plaintiff

    Abigail S. Pressler, Counsel for Defendant, NCO Financial Systems, Inc.

    Sahily Serradet, Counsel for Defendant Synchrony Bank, incorrectly named in the Amended Complaint as "GE Capital Retail Bank, Inc." and "Synchrony Financial, Inc." ("Synchrony"), and Alison R. W. Toepp, national counsel for Synchrony.

2. Pre-Discovery Disclosures.  The Parties will exchange the information required by the Fed. R. Civ. P. 26(a)(1) on or before June 20, 2015.

3. Discovery Plan.  The Parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following subjects:  All matters covered in section 5(c)

**CASE NO:  4:15-CV-00154-MW-CAS**

      below.

   b.  All discovery commenced in time to be completed by February 4, 2016.

   c.  Interrogatories, requests for admissions and requests for production are governed by the applicable *Federal Rules of Civil Procedure* and *Local Rules of this Court*.

   d.  Depositions will be governed by Rule 30.

   e.  Reports from retained experts under Rule 26(a)(2) are due:

      From Plaintiff by February 4, 2016, 2015;

      From Defendants by  February 4, 2016, 2015.

   f.  Each party is likely to request or produce information from electronic or computer-based media limited to date reasonably available to the Parties in the ordinary course of business.  Reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.  Should either party inadvertently produce privileged information, that information shall immediately be returned to producing party.

   g.  Supplements are due within are reasonable time after discovering the need to supplement.

4. Other Items.

   a.  The Parties do not request a conference with the Court before the entry of the Scheduling Order.

   b.  The Parties request a Pre-Trial Conference on or after May 6, 2016.

   c.  The Parties should be allowed until June 30, 2015, to join additional parties and to amend the pleadings.

   d.  All potentially dispositive motions shall be filed no later than twenty (20) days after the close of discovery.

   e.  Settlement may be enhanced by the use of the following alternative dispute resolution procedures:  Mediation may be attempted by the Parties after the substantial completion of discovery.

   f.  Final list of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling Order from this Court.

    g. Parties should have one (1) week after service of final list of witnesses and exhibit to list objections under Rule 26(a)(3).

    h. The case should be ready for trial on or after June 6, 2016, and at this time it is expected to take approximately three (3) days.

5. Nature and Basis of Claims and Defenses.

    a. Plaintiff has had his credit damaged by virtue of the Defendants' collective violations of the Fair Credit Reporting Act and the Florida Statutes, Chapter 559.72. Specifically, the Defendants have attempted to collect a debt which is legally invalid and have also attempted to collect late fees and/or other sanctions in connection with the account at issue that were unwarranted.

    b. Defendants deny any violations of either the Fair Credit Reporting Act and the Florida Statutes, Chapter 559.72.

    c. The principal factual and legal issues in dispute are:

        (1) Whether the account giving rise to the instant litigation was the Plaintiff's;

        (2) Whether or not the Plaintiff gave appropriate and/or reasonable notice to the Defendants as to the improper status and/or handling of the subject account at issue herein;

        (3) Whether or not Synchrony was negligent in its investigation of the Plaintiff's account dispute with the respective credit bureaus;

        (4) Whether or not the account at issue herein was reported accurately;

        (5) Whether the Defendant, NCO Financial Systems, Inc., violated the Fair Debt Collection Practices Act or the Florida Statutes, Chapter 559.72 in its attempts to collect the account at issue from the Plaintiff;

        (6) Whether Synchrony, violated the Florida Statutes, Chapter 559.72 it its attempts to collect and/or assert the existence of the account at issue in the instant litigation;

        (7) Whether any statutory violations by the enumerated Defendants, if occurring, proximately led to the Plaintiff sustaining damages and, if so, in what amount;

        (8) Whether the Plaintiff attempted to mitigate his damages;

        (9) Whether Plaintiff complied with his contractual obligations relating to the account;

**CASE NO:  4:15-CV-00154-MW-CAS**

 (10) What written notices, if any, Plaintiff provided to Synchrony regarding the account;

 (11) Whether Plaintiff waived prior claims when the account was reinstated;

 (12) Plaintiff's purchases and payments on the account;

 (13) Whether Plaintiff has been unjustly enriched as a result of his failure to make timely payments on the account and/or his failure to pay the full balance owed on the account;

 (14) Whether Plaintiff provided timely notice of his alleged disputes relating to the account;

 (15) Whether Plaintiff complied with statutory prerequisites prior to initiating his claims; &

 (16) All other issues raised in Plaintiff's Amended Complaint and Defendant's pleadings.

**DATED** this 4th day of June, 2015.

/s/ Patrick R. Frank, Esq.
Patrick R. Frank, Esq. (FBN: 0642770)
Frank & Rice, P.A.
325 West Park Avenue
Tallahassee, Florida  32301
Telephone:  (850) 629-4168
Facsimile:  (850) 629-4184
*Attorney(s) for Plaintiff,*
*Mark Cann*

/s/ Abigail S. Pressler, Esq.
Abigail S. Pressler, Esq.
Sessions, Fishman, *et.al.*
3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:  (813) 890-2465
Facsimile:  (866) 466-3140
*Attorney(s) for Defendant,*
*NCO Financial Systems, Inc.*

/s/ Sahily Serradet, Esq.
Sahily Serradet
Florida Bar No. 77620
Liebler, Gonzalez & Portuondo
Courthouse Tower – 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile:  (305) 379-9626
*Attorney(s) for Defendant Synchrony Bank*

**CASE NO:  4:15-CV-00154-MW-CAS**

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 4th day of June, 2015, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

                                        /s/ Sahily Serradet  
                                        SAHILY SERRADET

Patrick R. Frank, Esq.  
Alan Smith, Esq.  
Frank & Rice, P.A.  
325 W. Park Avenue  
Tallahassee, Florida 32301  
Telephone: (850) 629-4168  
Facsimile: (850) 629-4184  
*Counsel for Plaintiff Mark Cann*

Abigail S. Pressler, Esq.  
Sessions Fishman Nathan & Israel LLC  
3350 Buschwood Park Drive, Suite 195  
Tampa, Florida 33618  
Telephone: (813) 890-2460  
Facsimile: (866) 466-3140  
apressler@sessions-law.biz  
*Counsel for NCO Financial Systems, Inc.*